UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ARLENE GERVIS, SIMON NOVECK, HELGA
NOVECK, GALO CARDENAS, ESTELLE
CARDENAS, MYRNA K. JACOBS, SHERRY E.
LITMAN, CARL CARTER, ANNE CARTER,
ANNE CARTER, AS TRUSTEE FOR THE ANNE
CARTER REVOCABLE TRUST, CARL CARTER,
AS TRUSTEE FOR THE CARL CARTER
REVOCABLE TRUST, CARL CARTER, CUSTODIAN
FOR RAY CARTER, UGMA/NY, RHEBA WEINE,
VIRGINIA VENDITTO, STELLA DIGIORGIO,
SALVATORE DIGIORGIO, WILMA FIELDING LASSER,
AS TRUSTEE OF WILMA FIELDING LASER
REVOCABLE TRUST, LUCIA BALDINI, LEONARD
SCHWARTZ, MIRIAM SEIDENBERG, and RICHARD
W. SEIDENBERG, on behalf of themselves and all others
similarly situated,

MEMORANDUM OPINION
AND ORDER

00-CV-3362 (JS) (ETB)

                                Plaintiffs,

      -against-

ADRIANE BERG, STUART BOCHNER, BOCHNER
FAMILY LIMITED PARTNERSHIP, WABC-AM
RADIO, INC., FLEET BANK, MONY LIFE INSURANCE
COMPANY, MONY SECURITIES CORPORATION,
SHELLEY GOREN, ROGER GOREN, JOHN FERRONI,
JOSEPH FALCONE, JOSEPH COLONNA, JR., JOSEPH
FLEISCHMAN, HOWARD LEVY, JODIE LIVOLSI,
BETTY RAPPAPORT, HOWARD RAPPAPORT, JULES
GORDEN, PAUL & ASSOCIATES, MARC PAUL,
SIYUAN LU, YAN SHI, JUDY BOCHNER, BONNIE
LAMY, SUZANNE G. BRABAND, PERRY BRAY,
CHET BUDWAH, KENNETH SCHWARZ, and
JOHN DOES 1 TO 100,

                                Defendants.

------------------------------------------------------------------------X

     Plaintiffs commenced this securities fraud class action on June 9, 2000. Presently before

1

the Court is plaintiffs' motion seeking leave to commence limited discovery of documents that defendants submitted to the Court-appointed Trustee under the Securities Investor Protection Act (hereinafter "SIPA" or the "Act"). For the reasons explained herein, plaintiffs' motion is denied, although the Court permits the issuance of a subpoena duces tecum to the non-party SIPA Trustee for the purpose of preserving these documents pending the outcome of the contemplated motions to dismiss.

## BACKGROUND

The background of this case has been discussed in detail in In re New Times Sec. Servs., Inc. and New Age Fin. Servs., Inc., 371 F.3d 68 (2d Cir. 2004), familiarity with which is presumed. In brief, plaintiffs commenced this class action on June 9, 2000, alleging that the defendants fraudulently induced the plaintiffs to invest funds in financial services companies (i.e. "New Times" and "New Age") that were part of an illegal "ponzi scheme" operated by William Goren ("Goren"). At the time that this action was commenced, the Securities and Exchange Commission ("SEC") was already engaged in a civil proceeding against Goren. See In re New Times Sec. Servs., Inc. and New Age Fin. Servs., Inc., 371 F.3d 68, 71-72 (2d Cir. 2004). In connection with the SEC suit, investors in New Times and New Age were afforded protection under the Securities Investor Protection Act ("SIPA" or the "Act"). Id. The district court appointed a Trustee, James W. Giddens, to examine the claims made by the plaintiff-investors to the Securities Investor Protection Corporation ("SIPC"), pursuant to the Act. Id.

In April 2002, Judge Platt stayed this proceeding, pending the Trustee's final determination concerning the claims. Id. After the finalization of the Trustee's decision, a number of claimants filed objections to the Trustee's decision to reject certain claims, and the dispute ultimately reached the Second Circuit Court of Appeals. Id. During this period the plaintiffs

motioned the Court for a lifting of the stay of discovery in this action, and on May 1, 2003, Judge Platt denied the plaintiffs' request, finding that "the stay shall remain in place until the Second Circuit has ruled on the appeal." (Order by Platt, J., dated May 1, 2003.) The Second Circuit issued its decision on June 8, 2004, affirming in part and reversing in part, and remanding the action to the District Court for further proceedings consistent with the Second Circuit's ruling. In re New Times Sec. Servs., Inc. and New Age Fin. Servs., Inc., 371 F.3d at 71, 88.

On October 29, 2004, plaintiffs again motioned the Court for an order lifting the stay in this action. (Pls.' Mem. of Law in Support of Mot. to Lift Stay at 7.) On June 29, 2005, Judge Seybert (to whom the case has been re-assigned) noted that the parties were in disagreement as to the status of the action following the Second Circuit's decision, and referred the action to the undersigned to "determine the status of the case," and to enter an order clarifying the status of the amended complaint and to provide a scheduling order, if appropriate. (Order by Seybert, J., dated June 29, 2005.)

On August 10, 2005, I issued an order affording the parties the opportunity to supplement their submissions on the discovery issue in three-page letter form. As directed, the plaintiffs have filed a Second Amended Complaint in this action, and it is this complaint that is now the subject matter of defendants' contemplated 12(b)(6) motion. Application has been made to Judge Seybert, by stipulation dated October 14, 2004, for a phone conference for the purpose of discussing issues related to the motions to dismiss.

## **DISCUSSION**

The Securities Exchange Act of 1934, as amended in the Private Securities Litigation Reform

Act of 1995 (hereinafter "PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), provides that:

> In any private action arising under this title [15 USCS §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). As the United States Court of Appeals for the Second Circuit notes, "the PSLRA imposed . . . a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims." Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 32 (2d Cir. 2005) (additional citations omitted). Courts "have held [that] the automatic stay provision of the [PSLRA] is triggered by the mere indication by defense of its intention to file a motion to dismiss." In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 683 (D. Md. 2000). As a result, "no discovery should take place until a court has affirmatively decided that a complaint does state a claim. . . ." Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (citation omitted). To the extent that this statute prohibits discovery of parties, it bars discovery of non-parties as well. In re Cree, Inc. Sec. Litig., 220 F.R.D. 443, 446 (M.D.N.C. 2004) ("[I]n securities fraud lawsuits governed by the PSLRA, all discovery is stayed against parties and non-parties alike until the court has addressed the sufficiency of the complaint."). With regard to the particularized discovery exceptions, "a discovery request is particularized" when "it is directed at specific persons," and "it identifies specific types of evidence that fall within its scope." In re Tyco Int'l, Ltd. Sec. Litig., No. 00 Civ. 1335, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000).

    a. The PSLRA provides for limited discovery within the context of preserving evidence

The PSLRA permits "particularized discovery [during the pendency of a motion to dismiss

4

when it] is necessary to preserve evidence. . . ." 15 U.S.C. § 78u-4(b)(3)(B). "The PSLRA also provides that 'during the pendency of any stay of discovery . . . any party to the action with actual notice of the allegations contained in the complaint shall treat all documents . . . that are relevant to the allegations, as if they were the subject of a continuing request for production of documents for the opposing party under the Federal Rules of Civil Procedure.'" Vezzetti v. Remec, Inc., No. 99 Civ. 796, 2001 U.S. Dist. LEXIS 10462, at *2 (S.D. Cal. July 20, 2001) (quoting 15 U.S.C. § 78u-4(b)(3)(C)(I)). Notwithstanding that provision, however, district courts have concluded that "there is no [requirement] in the PSLRA for preservation of documents held by non-parties." Id. See also In re Grand Casinos, Inc. Sec. Litig., 988 F. Supp. 1270, 1272 (D. Minn. 1997) ("Unlike the evidence in the parties [sic] care, custody or control, the documentary evidence of third-parties is not expressly subject to any preservation Order and, inadvertently, or otherwise, such evidence may be destroyed before the Court rules on the pending dispositive Motion."). As a result, it is not uncommon for courts to grant "a plaintiff leave to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession. . . ." In re Tyco Int'l, Ltd. Sec. Litig., No. 00 Civ. 1335, 2000 U.S. Dist. LEXIS 11659, at *15 (D.N.H. July 27, 2000). See In re Pac. Gateway Exch., Inc. Sec. Litig., No. 00 Civ. 1211, 2001 U.S. Dist. LEXIS 18433, at *4-6 (N.D. Cal. Oct. 15, 2001); In re Grand Casinos, 988 F. Supp. at 1273 (The district court granted "[p]laintiffs' informal Motion for relief from the automatic stay of discovery" in order "to allow the [p]laintiffs to serve Subpoenas duces tecum upon third-persons," but not to enforce the subpoenas until the court issued a determination on the defendants' dispositive motion.).

The SIPA Trustee is not a party to the present action, and therefore has no obligation under the PSLRA to preserve the requested documents before the Court substantively rules on the

5

defendants' motions to dismiss. Accordingly, plaintiffs are hereby authorized to direct a subpoena to the SIPA Trustee to preserve such documents that the defendants submitted to him, provided, however, that the subpoena shall not be returnable or enforceable until after a decisions is reached on the contemplated motion to dismiss. The SIPA Trustee shall preserve such documents pending the further order of the Court.

  b. <u>The PSLRA provides for limited discovery in order to prevent undue prejudice to a party</u>

The PSLRA also provides for limited discovery in the event that it "is necessary to . . . prevent undue prejudice" to a party. 15 U.S.C. § 78u-4(b)(3)(B). District courts have defined undue prejudice as "improper or unfair treatment amounting to something less than irreparable harm." <u>In re Vivendi Sec. Litig.</u>, No. 02 Civ. 5571, 2003 U.S. Dist. LEXIS 7606, at *5 (S.D.N.Y. May 5, 2003). "Courts . . . have partially lifted the discovery stay on the ground of 'undue prejudice' when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding." <u>Id.</u> at *5-6 (citing <u>In re Worldcom, Inc. Sec. Litig.</u>, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002)) (additional citations omitted). In the <u>Worldcom</u> case, a partial lifting of the stay was permitted to avoid prejudice to the plaintiffs who were competing with other related actions and forced to engage in global settlement discussions for the limited Worldcom funds available after its collapse. <u>In re Worldcom</u>, 234 F. Supp. at 305-06. That is not the situation here, and plaintiffs make no plausible claim of undue prejudice to justify the result in the <u>Worldcom</u> case.

Plaintiffs here do not contend that the discovery stay will unjustly shield the defendants from liability, nor that access to such records are essential to make informed strategy decisions..

Moreover, plaintiffs have not shown anything more prejudicial than a delay– albeit a lengthy one– and therefore have failed to establish undue prejudice as a ground for granting limited discovery of documents submitted to the SIPA Trustee. Mere delay does not constitute undue prejudice. In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) ("Plaintiffs' argument to compel discovery fails because delay is an inherent part of every stay of discovery required by the PSLRA."). Nor can it be said that the delay to enable the SIPA proceeding to go forward was not extremely beneficial to the plaintiffs herein who reportedly have recovered in excess of $20,000,000.00 through that proceeding.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion seeking leave to commence limited discovery of documents submitted by the defendants to the SIPA Trustee during the pendency of defendants' motions to dismiss is denied; provided, however, that plaintiffs are authorized to issue a subpoena duces tecum directed at such records in the possession of the non-party SIPA Trustee, who shall be obliged to preserve such records pending the outcome of the motions to dismiss and the further order of the Court.

SO ORDERED.

Dated:     October 20, 2005
           Central Islip, New York

/s/ E. Thomas Boyle
E. Thomas Boyle
United States Magistrate Judge